J-S14021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEITH BENNER | : | |
| | : | |
| Appellant | : | No. 3463 EDA 2018 |

Appeal from the PCRA Order Entered November 5, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0000320-2008

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY KING, J.:                    **FILED APRIL 20, 2020**

Appellant, Brian Keith Benner, appeals from the order entered in the Montgomery County Court of Common Pleas, which dismissed his "motion to modify sentence," which the court treated as an untimely petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On June 23, 2008, Appellant entered an open guilty plea to ten counts of various child pornography offenses.  The court adjudicated Appellant a sexually violent predator and sentenced him on July 7, 2009, to an aggregate 25 to 50 years' imprisonment, with lifetime registration requirements.  This Court affirmed the judgment of sentence on August 18, 2010, and our Supreme Court denied allowance of appeal on February 9, 2011.  *See Commonwealth v. Benner*, 11 A.3d 1030 (Pa.Super. 2010), *appeal denied*, 610 Pa. 572, 17 A.3d 1250 (2011) (unpublished memorandum).

On June 16, 2016, Appellant filed his first PCRA petition *pro se*. The court appointed counsel, who subsequently filed a petition to withdraw and "no-merit" letter per **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On October 20, 2016, the court issued Pa.R.Crim.P. 907 notice. The court denied PCRA relief on November 16, 2016, and later let counsel withdraw. Appellant timely filed a notice of appeal on December 16, 2016.[1]

While Appellant's appeal from the denial of PCRA relief was still pending, Appellant filed, on September 12, 2017, the current, second *pro se* PCRA petition styled as a "motion to modify sentence." On September 29, 2017, this Court affirmed the denial of PCRA relief concerning Appellant's prior petition. **See Commonwealth v. Benner**, 178 A.3d 208 (Pa.Super. 2017) (unpublished memorandum). Meanwhile, private counsel entered his appearance regarding Appellant's second PCRA petition, and filed an amended petition. On September 7, 2018, the court issued Rule 907 notice; Appellant responded on September 26, 2018. On November 5, 2018, the court dismissed the second petition as untimely. Appellant timely filed a notice of appeal on November 29, 2018. On December 18, 2018, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, which Appellant timely filed on January 2, 2019.

---

[1] Appellant actually filed a *pro se* "concise statement of errors" on that date, but the court treated the filing as a timely notice of appeal.

Preliminarily, Pennsylvania law makes clear that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition[.]" *Commonwealth v. Lark*, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). *See also Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc*), *appeal denied*, 647 Pa. 570, 190 A.3d 1134 (2018) (reaffirming that *Lark* precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). This Court has explained:

> A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition. In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. If the petitioner pursues the pending appeal, then the PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending.

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2017), *appeal denied*, ____ Pa. ____, 218 A.3d 850 (2019) (some internal citations and quotation marks omitted) (emphasis in original).

Instantly, Appellant's appeal from the denial of his first PCRA petition in this case was still pending when he filed his second PCRA petition on September 12, 2017. Under prevailing law, the court was required to dismiss the current petition outright under *Lark*. *See Lark, supra*; *Montgomery, supra*; *Beatty, supra*. Thus, dismissal of Appellant's current PCRA petition

was proper.[2]  **See Commonwealth v. Kemp**, 961 A.2d 1247 (Pa.Super. 2008) (*en banc*) (explaining this Court can affirm on any valid basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/20

---

[2] Moreover, as the PCRA court properly noted, Appellant's current petition is untimely.  Although Appellant attempts to invoke the "new constitutional right" exception to the time-bar, relying on **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), Appellant has not established that **Muniz** applies retroactively to **untimely** PCRA petitions.  **See** 42 Pa.C.S.A. § 9545(b)(1)(iii); **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 195 A.3d 559 (2018) (holding petitioner cannot rely on **Muniz** to meet timeliness exception under Section 9545(b)(1)(iii) until U.S. Supreme Court or Pennsylvania Supreme Court holds that **Muniz** is retroactive in untimely PCRA petitions).  Thus, Appellant would not be entitled to PCRA relief in any event.